### THOMAS HUNTER ET AL. *v.* F. WATTS.

[Abstract Kentucky Law Reporter, Vol. 3—470.]

**Enforcement of Lien on Wife's Real Estate.**

Where "A" conveys his land to "B," and in consideration thereof

"B" agrees to convey his land to "A's" wife, and does so, reserving a lien for the difference in the purchase-money, "B" is entitled to enforce his lien against said land, even in the face of a plea of coverture by "B's" wife, but he is not entitled to a personal judgment against said wife.

## APPEAL FROM JESSAMINE CIRCUIT COURT.

### December 6, 1881.

OPINION BY JUDGE LEWIS:

A contract was made between appellee and appellants, husband and wife, by which he sold and conveyed to the wife, Nancy S. Hunter, a tract of land containing about 243 acres, in consideration of a tract of about 16 acres conveyed to him by the husband, Thomas Hunter, he having the legal title to it, and the further consideration of about $1,552, for which the wife executed her two promissory notes, upon each of which notes was the following indorsement in writing: "This contract approved by me as husband of the within named, Nancy Stewart Hunter. Thomas Hunter."

In pursuance of the contract, possession of the 16 acres was delivered to appellee, and appellants, husband and wife, took possession of the other tract. Appellee brought this action to enforce his alleged lien upon the 243 acre tract of land for the payment of the two notes, and this is an appeal from the judgment of the court below directing a sale of the land, or enough of it to pay the debts.

Nancy S. Hunter pleaded coverture as a defense to the action and her counsel rely upon it here for reversal of the judgment. Undoubtedly the note is not binding on her, and appellee was not entitled to personal judgment against her. But as no judgment was sought or rendered against her for the debt, or for the sale or other disposition of the property that she claims the right to in her answer, it is difficult to perceive upon what grounds she bases her objection to the judgment. She asks for a rescission of the contract, and by the judgment it is practically rescinded, so far as she is concerned. She has no right to ask that the deed to the 16 acre tract shall be canceled, because the land belonged to her husband. The husband has no right to rescind the contract, because he not only made the conveyance of the 16 acres, but in writing assented to and approved the execution of the notes by his wife, and in pursuance of the contract took possession of the 243 acre tract.

Whether appellee would be entitled to a personal judgment against the husband is not necessary to decide. Having in the deed retained a lien upon the land to pay the two notes, whether the wife be bound or not, he is entitled to an enforcement of his lien for the purpose of paying the amount of the difference between the two tracts.

The judgment is *affirmed.*

*Breckinridge & Shelby, H. A. Anderson, for appellants.*
*J. S. Bronaugh, for appellee.*

[Cited, *Morgan v. Morgan,* 20 Ky. L. 1308, 49 S. W. 184.]